IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01612-BNB

CALVIN WRIGHT,

    Plaintiff,

v.

EL PASO COUNTY SHERIFFS, and
KEVIN ROZINA,

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

    Plaintiff, Calvin Wright, resides in Fountain, Colorado. Acting *pro se*, he initiated this action by filing a complaint that asserts he was injured at the time of his arrest and that he suffered a concussion, dehydration, syncope, and other injuries due to the handcuffs. Plaintiff seeks money damages.

    The Court must construe the Complaint liberally because Plaintiff is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. Plaintiff will be ordered to file an Amended Complaint and assert how all named parties personally participated in violating his constitutional rights.

    Defendant El Paso County Sheriffs is not a person for the purpose of a 42 U.S.C. § 1983 action. Plaintiff must demonstrate how Defendant Kevin Rozina personally participated in the asserted claims. Further, Plaintiff may use fictitious names such as

John or Jane Doe or "Deputies of Sheriffs" if he does not know the real names of the individuals who allegedly violated his rights. Plaintiff, however, must provide sufficient information about each defendant so that they can be identified for the purpose of service.

To establish personal participation, Plaintiff must show how each individual caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). A supervisor is only liable for constitutional violations that they cause. *See Dodds v. Richardson, et al.*, 614 F.3d 1185 (10th Cir. 2010) (Tymkovich, J., concurring).

Plaintiff must explain in his Amended Complaint what each defendant did to him, when the defendant did the action, how the action harmed him, and what specific legal right he believes the defendant violated. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that within thirty days from the date of this Order Plaintiff file an Amended Complaint that complies with this Order. It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that if Plaintiff fails within the time allowed to file an Amended Complaint that complies with this Order, the Court will dismiss the action without further notice. It is

FURTHER ORDERED that process shall not issue until further order of the Court.

DATED June 19, 2014, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge